Marshall A. Lerner (State Bar No. 55,224)
mlerner@kleinberglerner.com
Bradford E. Mattes (State Bar No. 159,004)
bemattes@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone: (310) 557-1511
Facsimile: (310) 557-1540

Attorneys for Plaintiff Parker House
Manufacturing Co., Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| PARKER HOUSE MANUFACTURING CO., INC., a California Corporation,<br>        Plaintiff,<br>    v.<br>COSTCO WHOLESALE CORP., a Washington Corporation, COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation, KUKA FURNITURE, INC., a North Carolina Corporation, and Does 1 – 10 inclusive,<br>        Defendants.<br>_____ | Case No.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br>(1) FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114<br>(2) FEDERAL UNFAIR COMPETITION; 15 U.S.C. § 1125(a)<br>(3) FEDERAL TRADEMARK DILUTION; 15 U.S.C. § 1125(c)<br>(4) UNFAIR COMPETITION UNDER STATE LAW; CAL. BUS. & PROF. CODE § 17200, *et seq*.<br>(5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, CAL. BUS. & PROF. CODE § 17500<br>(6) COMMON LAW TRADEMARK INFRINGEMENT<br>(7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF<br>DEMAND FOR JURY TRIAL |

1

Plaintiff Parker House Manufacturing Co., Inc. ("Parker House") for its complaint against defendants Costco Wholesale Corp. and Costco Wholesale Membership, Inc. (collectively "Costco") and Kuka Furniture, Inc. ("Kuka Furniture" or "Kuka") and Does 1-10 (collectively "defendants" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, dilution, false and misleading advertising, and palming off.

2. Parker House has been in the business of manufacturing and selling furniture since 1991 when it first began using its PARKER HOUSE® registered trademark on certain items of furniture. Ex. 1. Starting in 2008, Parker House began to use its PARKER LIVING® registered trademark on other items of furniture. Ex. 2. The fame and popularity of the PARKER HOUSE® and PARKER LIVING® trademarks can be measured by the fact that Parker House sells hundreds of millions of dollars of furniture under those two trademarks throughout the United States. Based on these years of use of the PARKER HOUSE® and PARKER LIVING® trademarks, these trademarks carry tremendous goodwill and name recognition among consumers for identifying high quality furniture.

3. Since at least 2018, Parker House has been selling sectional sofas under its PARKER LIVING® trademark. Examples include the PARKER LIVING® Spartacus Collection and the PARKER LIVING® Pegasus Collection. Exs. 3 and 4. In all of those sales, Parker House has provided notice of its PARKER LIVING® registration by applying the R in a circle ("®") symbol next to the PARKER LIVING® trademark in its catalog displays for the PARKER LIVING® Spartacus Collection and the PARKER LIVING® Pegasus Collection and on hang tags attached to those sectional sofas. Exs. 3 – 5.

4. Beginning at least as early as July 2019, Costco and Kuka Furniture began selling a sectional sofa. Although Costco and Kuka Furniture had tens of thousands of brand names to choose from for their sectional sofa, they chose "PARKER," the

distinctive part and a shorthand version of plaintiff's well-known PARKER HOUSE® and PARKER LIVING® brands. Similarly, although Costco and Kuka Furniture could have applied the PARKER name to any one of their hundreds of products, they chose to apply it to a sectional sofa having an almost identical configuration to Plaintiff's PARKER LIVING® sectional – Parker House's most popular piece. Costco and Kuka Furniture advertise and promote their PARKER sectional sofa in the July 2019 edition of Costco Connection magazine (Ex. 6), on the Costco website in July 2019 (Ex. 7), and at the point of sale in Costco stores (Exs. 8-12). As can be seen, the PARKER sectional sold by Costco and Kuka Furniture (Exs. 6, 7 and 9) is nearly identical to the PARKER LIVING® Spartacus Collection sectional sofa. Ex. 3.

5. Upon learning that Costco and Kuka Furniture were using Parker House's PARKER trademark, counsel for Parker House on July 9, 2019 sent a cease and desist letter to Costco notifying Costco of Costco's infringement in this regard. Ex. 13. The cease and desist letter was delivered to Costco the next-day, July 10, 2019. The letter requested, among other things, that Costco respond within ten (10) days. On July 15, 2019, counsel for Parker House sent a cease and desist letter to Kuka Furniture notifying Kuka Furniture of its infringement of the PARKER HOUSE® trademark and the PARKER LIVING® trademark. Ex. 14. The cease and desist letter was delivered to Kuka Furniture on July 16, 2019. The letter requested, among other things, that Kuka Furniture respond within five (5) days. Counsel for Kuka Furniture responded on behalf of Kuka Furniture and Costco.

6. As of July 26, 2019, a search on Google for "costco parker sectional" shows as its first result "PARKER FABRIC POWER RECLINING SECTIONAL with . . . Costco Wholesale." Ex. 15. As can also be seen in that Exhibit 15, the web address that is linked to this result includes the Parker name - "https://www.costco.com/Parker-Fabric-Reclining-Power-Sectional . . . ." In this manner, Costco and Kuka Furniture are using the reputation and name recognition of the PARKER HOUSE® and PARKER LIVING® trademarks to trick consumers into buying Kuka Furniture sectionals. Even if

consumers happen to learn that the sectional sofa available on the Costco website at https://www.costco.com/Parker-Fabric-Reclining-Power-Sectional . . . . is not a Parker sectional, they will have navigated to the Costco website based on their initial interest in finding a PARKER HOUSE® and PARKER LIVING® sectional sofa.

7. Merely asking on Google as of July 26, 2016 "does Costco sell a Parker brand sectional sofa" will provide as its first result the same link and "Parker" web address identified in the immediately prior paragraph. Ex. 16. By placing the "Parker" name in its website address, Costco is using the fame and recognition among consumers of the PARKER HOUSE® and PARKER LIVING® trademarks to drive buyers of sectional sofas to its website to buy Kuka Furniture sectional sofas and other non-Parker sofas.

8. Consumers associate Costco and Kuka Furniture's PARKER sectional sofa with PARKER HOUSE® and PARKER LIVING®. Consumers bought Costco's and Kuka Furniture's PARKER sectional sofa in the mistaken belief that it is a PARKER HOUSE® or PARKER LIVING® sectional sofa.

9. Retailers who would have otherwise bought genuine PARKER LIVING® sectional sofas from Parker House refrained from and continue to refrain from making such purchases in the mistaken belief that the PARKER sectional sofa sold by Costco and Kuka Furniture is a genuine PARKER LIVING® sectional sofa supplied by Parker House. Based on that mistaken belief, these retailers discontinued buying and will discontinue buying from Parker House because the genuine PARKER LIVING® sectional sofa that they would otherwise buy cannot be profitably resold to consumers at the same price as the Costco and Kuka Furniture imitation PARKER sofa.

## PARTIES

10. Parker House Manufacturing Co., Inc. is a corporation duly organized and existing under the laws of the State of California with a principal place of business located at 6300 Providence Way, Eastvale, California 92880.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) FEDERAL TRADEMARK DILUTION, (4) UNFAIR COMPETITION UNDER STATE LAW, (5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, (6) COMMON LAW TRADEMARK INFRINGEMENT, (7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF; DEMAND FOR JURY TRIAL

11. Defendant Costco Wholesale Corporation is a corporation duly organized and existing under the laws of the State of Washington with a principal place of business located at 999 Lake Drive, Issaquah, Washington 98027.

12. Defendant Costco Wholesale Membership, Inc. is a corporation duly organized and existing under the laws of the State of California with a principal place of business located at 999 Lake Drive, Issaquah, Washington 98027.

13. Defendant Kuka Furniture, Inc. is a corporation duly organized and existing under the laws of the State of North Carolina with a principal place of business located at 210 South Main Street, Space 615, High Point, North Carolina 27260-5208.

14. Defendants Does 1 – 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Parker House. When their true names and capacities are ascertained, Parker House will amend this complaint by inserting their true names and capacities. Parker House is informed and believes and thereon alleges, that Does 1 – 10, and each of them are responsible in some manner for the occurrences alleged herein and that Parker House's damages were proximately caused by such defendants.

## JURISDICTION AND VENUE

15. Jurisdiction in this Court arises under the trademark laws of the United States, 15 U.S.C. §§ 1114 *et seq*. The Court has original jurisdiction of this action under 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338. This complaint also alleges violations of state law and common law. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338(a) and (b) and 1367(a).

16. This Court has personal jurisdiction over defendants because they have committed one or more of the infringing acts complained of herein in California and in this district, they have regular places of business in California and in this district, and they do regular business in California and in this district.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) FEDERAL TRADEMARK DILUTION, (4) UNFAIR COMPETITION UNDER STATE LAW, (5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, (6) COMMON LAW TRADEMARK INFRINGEMENT, (7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF; DEMAND FOR JURY TRIAL

17. Venue in this United States District Court, Central District of California is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the claims arose in this district.

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement, 15 U.S.C. § 1114)

18. Parker House realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

19. By the acts and omissions set forth above, Defendants have infringed and continue to infringe Parker House's federally registered PARKER HOUSE® and PARKER LIVING® trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendants' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with Parker House's ability to use its marks to indicate a single quality-controlled source of goods.

20. Parker House has suffered, is suffering, and will continue to suffer irreparable injury for which Parker House has no adequate remedy at law. Defendants have caused and are likely to continue causing substantial injury to Parker House and to the public. Parker House is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Defendants.

21. Defendants' aforesaid infringing conduct has been intentional, willful, wanton and malicious and done with an intent to deceive. Based on Defendants' infringement as described herein, Parker House is entitled to recover Defendants' profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. § 1114, 1116 and 1117.

22. Defendants' infringement as described herein is meant by defendants to, and does, trade on the reputation and goodwill associated with the PARKER HOUSE® and PARKER LIVING® trademarks. Parker House is entitled to, among other things, the cost of corrective advertising to redress that infringement and harm.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition, False Designation of Origin; 15 U.S.C. § 1125(a))

23. Parker House realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

24. By the acts and omissions set forth above, Defendants are violating Lanham Act § 43(a), 15 U.S.C. § 1125(a) and are unfairly competing with Parker House. Defendants' use in commerce of their infringing PARKER name constitutes a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact which is likely to cause confusion, and to cause mistake, and to deceive by wrongly suggesting some affiliation, connection, or association between Defendants' PARKER sectional sofa and Parker House's PARKER LIVING® sectional sofa. Such use by Defendants of their infringing PARKER name is also likely to cause confusion, and to cause mistake, and to deceive as to the origin, sponsorship, or approval of Defendants' infringing PARKER sectional sofa. Such use by Defendants of their infringing PARKER name constitutes unfair competition and a false designation of origin in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

25. Defendants have infringed, and continue to infringe, Parker House's PARKER HOUSE® and PARKER LIVING® trademarks.

26. Defendants' conduct as described above is also likely to harm or extinguish the current ability of the PARKER HOUSE® and PARKER LIVING® trademarks to indicate that those trademarks emanate from a single source. Defendants' conduct as described above harms the goodwill and reputation associated with the PARKER HOUSE® and PARKER LIVING® trademarks.

27. Based on Defendants' conduct as described above, consumers associate Defendants' imitation PARKER sectional sofa with Parker House's genuine PARKER LIVING® sectional sofa. Consumers buy Defendants' imitation PARKER sectional sofa in the mistaken belief that it is a genuine PARKER LIVING® sectional sofa. In this

7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) FEDERAL TRADEMARK DILUTION, (4) UNFAIR COMPETITION UNDER STATE LAW, (5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, (6) COMMON LAW TRADEMARK INFRINGEMENT, (7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF; DEMAND FOR JURY TRIAL

manner, Defendants use the PARKER LIVING® brand recognition among consumers to generate interest in their PARKER sectional sofa and receive payment from sales of the PARKER sectional sofa that they would otherwise never receive.

28.     Separately, based on Defendants' conduct as described above, retailers who would otherwise buy PARKER LIVING® sectional sofas from Parker House did not and do not make such purchases from Parker House because they cannot resell the genuine PARKER LIVING® sectional sofa at a competitive price with Defendants' imitation PARKER sectional sofa.  As a result, Defendants' wrongful use of PARKER on sectional sofas has caused and continues to cause Parker House to lose business and to lose sales.

29.     Parker House has suffered, is suffering, and will continue to suffer irreparable injury for which Parker House has no adequate remedy at law. Parker House is therefore entitled to a preliminary and permanent injunction against Defendants' further infringing conduct.

30.     Defendants have profited and are profiting from such infringement, and Parker House has been and is being damaged and losing profit, customers and sales by such infringement.  Parker House is therefore entitled to recover damages and profits from Defendants in an amount to be proven at trial as a consequence of Defendants' violations of Lanham Act§ 43(a), 15 U.S.C. § 1125(a).

## THIRD CAUSE OF ACTION
(Federal Trademark Dilution; 15 U.S.C. § 1125(c))

31.     Parker House realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

32.     Parker House's registered PARKER HOUSE® and PARKER LIVING® trademarks are each famous and distinctive.  Consumers associate the PARKER HOUSE® trademark and the PARKER LIVING® trademark with a single source or company.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) FEDERAL TRADEMARK DILUTION, (4) UNFAIR COMPETITION UNDER STATE LAW, (5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, (6) COMMON LAW TRADEMARK INFRINGEMENT, (7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF; DEMAND FOR JURY TRIAL

33.  After the PARKER HOUSE® and PARKER LIVING® trademarks became famous in connection with the distribution and sale of Parker House's goods, Defendants misappropriated the PARKER HOUSE® and/or PARKER LIVING® trademarks in connection with the sale of Defendants' goods.

34.  Defendants' PARKER mark is identical to the distinctive portion of Parker House's PARKER HOUSE® and PARKER LIVING® trademarks.

35.  Defendants' commercial use of the infringing PARKER mark has lessened the capacity of the PARKER HOUSE® and/or PARKER LIVING® trademarks to identify Parker House's goods.

36.  Defendants willfully intended to trade on Parker House's reputation and to cause dilution of Parker House's famous PARKER HOUSE® and/or PARKER LIVING® trademarks.

37.  Defendants' acts and omissions as described above have caused substantial and irreparable damage and injury to Parker House and in particular to the valuable goodwill and reputation associated with the PARKER HOUSE® and/or PARKER LIVING® trademarks and unless enjoined by this Court, Defendants will continue to cause substantial and irreparable damage and injury to Parker House for which Parker House has no adequate remedy at law because no monetary award can adequately compensate Parker House for the damage to the goodwill and distinctive quality of the PARKER HOUSE® and/or PARKER LIVING® trademarks occasioned by Defendants' acts and omissions and because the continuing damage to Parker House from such acts and omissions would be difficult to calculate and would lead to a multiplicity of actions.

38.  Defendants' actions were intentional. willful, wanton, deliberate and were done with the intent to trade on Parker House's reputation and goodwill associated with the PARKER HOUSE® and/or PARKER LIVING® trademarks.

39.  The acts and omissions of Defendants described above are unlawful and constitute violations of the federal antidilution statute, 15 U.S.C. § 1125(c), and Parker House has been injured thereby.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) FEDERAL TRADEMARK DILUTION, (4) UNFAIR COMPETITION UNDER STATE LAW, (5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, (6) COMMON LAW TRADEMARK INFRINGEMENT, (7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF; DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION

(Unfair Competition Under State Law; Cal. Bus. & Prof. Code § 17200, *et seq.*)

40. Parker House realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

41. Defendants' use in commerce of the infringing PARKER sectional sofa is likely to cause confusion among consumers. Defendants' acts and omissions in this regard were wanton, willful, deliberate and with the intent to avail themselves of Parker House's reputation and goodwill associated with Parker House's federally registered PARKER HOUSE® and/or PARKER LIVING® trademarks and unlawfully divert to Defendants the trade and business of Parker House, and to confuse and mislead the trade and the public into believing that Defendants are associated with Parker House and that the goods sold by Defendants are the goods of Parker House.

42. The acts and omissions of Defendants described above are unlawful and constitute unfair competition with Parker House in violation of Parker House's rights and in violation of California Business and Professions Code § 17200, *et seq.*, and Parker House has been injured thereby.

## FIFTH CAUSE OF ACTION

(False and Misleading Advertising Under State Law, Cal. Bus. & Prof. Code § 17500)

43. Parker House realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

44. Defendants' acts and omissions as alleged herein constitute the use of deceptive, untrue and misleading advertising, of which Defendants knew or should have known, thereby impairing Parker House's goodwill and otherwise adversely affecting Parker House's business and reputation. These acts and omissions constitute false advertising under California Business and Professions Code §§ 17500 and California common law

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) FEDERAL TRADEMARK DILUTION, (4) UNFAIR COMPETITION UNDER STATE LAW, (5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, (6) COMMON LAW TRADEMARK INFRINGEMENT, (7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF; DEMAND FOR JURY TRIAL

45. Money damages will not adequately remedy Parker House's injuries. Parker House is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of false and misleading advertising. Parker House is entitled to damages, Defendants' profits and other damages according to proof at trial, including costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

(Common Law Trademark Infringement)

46. Parker House realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

47. Parker House is the owner of goodwill and valuable trademark rights protected by California common law and the common law of other jurisdictions.

48. The use by Defendants without Parker House's consent of reproductions, counterfeits, copies or colorable imitations of Parker House's PARKER HOUSE® and/or PARKER LIVING® trademarks in connection with Defendants' goods is likely to cause confusion, mistake and deception. Such use infringes Parker House's rights in violation of California common law and the common law of other states.

49. Defendants have acted with oppression, fraud and malice in that they intended their conduct to cause injury to Parker House. Defendants' acts and omissions also are despicable and were carried out with a willful and conscious disregard of the rights of Parker House and the public. Defendants made intentional misrepresentations, concealed material facts and perpetrated deception with the intent to deprive Parker House and others of property and legal rights. Therefore, Parker House is entitled to exemplary damages against each of the Defendants pursuant to California Civil Code§ 3294 in an amount to be determined at trial.

50. Defendants' acts and omissions have caused Parker House damages.

51. Unless Defendants are enjoined, their continued acts and omissions will cause Parker House and the public to suffer great and irreparable injury.

11

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) FEDERAL TRADEMARK DILUTION, (4) UNFAIR COMPETITION UNDER STATE LAW, (5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, (6) COMMON LAW TRADEMARK INFRINGEMENT, (7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF; DEMAND FOR JURY TRIAL

52. Parker House has no adequate remedy at law.

53. Parker House has suffered actual damages in the form of lost sales and damage to its business, goodwill, reputation and profits, and Defendants have been unjustly enriched as a result of their infringing activities. The exact amount of Parker House's damages and Defendants' unjust enrichment will be proven at trial.

## SEVENTH CAUSE OF ACTION

(Common Law Unfair Competition, Palming Off/Passing Off)

54. Parker House realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs as though each such paragraph was fully set forth hereat.

55. Defendants are willfully, fraudulently, oppressively, maliciously and unlawfully attempting to pass off, and are passing off, their infringing PARKER goods as if they were approved and/or authorized by Parker House.

56. Defendants' use in commerce of the infringing PARKER sectional sofa continues to confuse and deceive consumers as to the source or origin of the goods for which Parker House has invested substantial time, effort and money in developing and further damages Parker House's goodwill and reputation.

57. Defendants have been palming off their goods as though they were the goods of Parker House.  Consumers have been and continue to be confused as to whether Defendants' infringing PARKER goods are authorized by Parker House.

58. The damage suffered by Parker House is irreparable and will continue unless Defendants are restrained by this Court from the commission of these acts and omissions.

59. Defendants' willful, deliberate and malicious conduct constitutes unfair competition with Parker House.

60. Such conduct by Defendants is the sole reason for Defendants' ability to market and sell their unauthorized copies of Parker House's goods.

61. Defendants are being unjustly enriched through such flagrantly unlawful conduct and should be punished therefor.

62. Parker House has no adequate remedy at law in that the continuing nature of the unfair competition will result in irreparable damage to Parker House if Defendants are not enjoined from their acts of unfair competition

63. A complete recitation of the damages suffered by Parker House as a result of this unfair competition must await discovery of Defendants' books and records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Parker House Manufacturing Co., Inc. respectfully demands judgment against defendants as follows:

1. That the defendants, their officers, agents, servants, employees, attorneys, assigns and all persons in active concert with or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

   a. Using the PARKER name or any colorable imitation thereof, including without limitation using the PARKER name or any colorable imitation thereof as part of a web address;

   b. Infringing the PARKER HOUSE® or PARKER LIVING® trademark;

   c. Unfairly competing with Parker House in any manner whatsoever;

   d. Causing likelihood of confusion or injury to Parker House's business and to the reputation of Parker House's PARKER HOUSE® and PARKER LIVING® trademarks;

   e. Engaging in any acts or activities directly or indirectly calculated to trade upon the PARKER HOUSE® or PARKER LIVING® trademark or the reputation, fame or goodwill associated with either of those trademarks;

2. Awarding Parker House damages, enhanced trebled damages, exemplary and punitive damages, profits, restitution and other monetary amounts including without limitation pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. Awarding Parker House statutory damages;

4. Any other remedy to which Parker House may be entitled, including all remedies provided for in 15 U.S.C. §§ 1114, 1116, 1117, and California Business and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL UNFAIR COMPETITION, (3) FEDERAL TRADEMARK DILUTION, (4) UNFAIR COMPETITION UNDER STATE LAW, (5) FALSE AND MISLEADING ADVERTISING UNDER STATE LAW, (6) COMMON LAW TRADEMARK INFRINGEMENT, (7) COMMON LAW UNFAIR COMPETITION, PALMING OFF/PASSING OFF; DEMAND FOR JURY TRIAL

Professions Code § 17200, *et seq*., and under any other law that provides a remedy that this Court may deem just and proper;

    5.    Awarding Parker House attorneys' fees pursuant to 15 U.S.C. § 1117;

    6.    For the costs of suit herein; and

    7.    For such additional and further relief that the Court may deem just and proper under the circumstances.

Kleinberg & Lerner, LLP

August 12, 2019    By:    /s/Marshall A. Lerner
    Marshall A. Lerner
    Bradford E. Mattes
    Attorneys for Plaintiff Parker House Manufacturing Co, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Parker House Manufacturing Co., Inc. demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

Kleinberg & Lerner, LLP

August 12, 2019    By:    /s/Marshall A. Lerner
    Marshall A. Lerner
    Bradford E. Mattes
    Attorneys for Plaintiff Parker House Manufacturing Co, Inc.